UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ANTON PURISIMA,

                Plaintiff,

    -against-

TIFFANY ENTERTAINMENT,
JOHN DOE, and JANE DOE,

                Defendants.
-------------------------------------------------------------------x

**MEMORANDUM & ORDER**
09-CV-3502 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge:

Pro se Plaintiff Anton Purisima brings this action against Defendants Tiffany Entertainment, John Doe, and Jane Doe. Plaintiff's request to proceed in forma pauperis is granted for the purpose of this Memorandum & Order. For the reasons set forth below, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3). In light of Plaintiff's pro se status, the court grants Plaintiff leave to file an amended complaint within 30 days of the date of this Memorandum & Order.

## BACKGROUND

According to his Complaint, Defendant Tiffany Entertainment discriminated against Plaintiff on the basis of national origin in the sale or use of an unidentified type of ticket. (Compl. (Docket Entry # 1) 3.) Although the allegations in the Complaint are not clearly stated, Plaintiff appears to allege that Defendants treated him differently than Chinese-speaking customers in their policies regarding replacement and refunds of tickets and in their assignment of him near "the back close to the 'smelly' toilet." (Id.) Plaintiff further alleges that "Defendants only used Chinese T.V. and music and does [sic] not use English." (Id.) Based on the foregoing,

Plaintiff claims "discrimination to national origin; fraud; conspiracy to defraud; harrassment, and other damages," and seeks $10,000,000 in damages and injunctive relief. (Id. at 3-4.) This action was originally filed in the U.S. District Court for the Southern District of New York, but was transferred here because "a substantial part of the events or omissions giving rise to plaintiff's claims allegedly occurred in the Eastern District of New York." (Transfer Order dated July 27, 2009 (Docket Entry # 3), at 1.)

## DISCUSSION

"'A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Plaintiff's pro se Complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the Complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Nevertheless, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v.

Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.

In this case, Plaintiff fails to establish a basis for subject matter jurisdiction. As pleaded in the Complaint, Plaintiff and Defendant Tiffany Entertainment are both New York citizens, and there is, thus, not complete diversity of parties. Moreover, Plaintiff's claims for fraud, conspiracy to defraud, and harassment do not arise "under the Constitution, laws, or treaties of the United States," and thus do not present any federal question. His allegation of "discrimination to national origin" suggests a possible claim under federal civil rights law, but the facts do not make clear whether such a claim is stated.

If brought under 42 U.S.C. § 1983, "the conduct complained of must have been committed by a person acting under color of state law," and cannot be applied to the actions of private individuals or corporations. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Here, however, the named Defendant is a private company, the identified John and Jane Doe Defendants are not mentioned beyond the caption of the Complaint, and there is no allegation that they are acting under color of state law.

If based upon a contractual relationship, Plaintiff's claims may be stated under 42 U.S.C. § 1981. That provision provides a cause of action to individuals alleging discrimination "with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship." Patterson v. County of Oneida, N.Y., 375 F.3d 206, 224 (2d Cir. 2004). Section 1981 applies to the making of both private and public contracts and does not require state action. Phillip v. University of Rochester, 316 F.3d 291 (2d Cir. 2003). However, this provision prohibits discrimination only on the basis of race, and does not address discrimination on the

basis of national origin. See Rumala v. New York City Transit Auth., No. 02-CV-3828, 2005 WL 2076596, *8 (E.D.N.Y. Aug. 26, 2005).

If Plaintiff's claims are stated under another provision of federal discrimination law, such as 42 U.S.C. § 2000a(a) (discrimination in places of public accommodation), the Complaint does not provide a sufficient factual basis to determine whether a claim is stated. The allegations in the Complaint are not sufficiently grounded in facts to give fair notice of the conduct that is being challenged. See Blakely v. Wells, No. 05-4846-cv, 209 Fed. Appx. 18, 20 (2d Cir. Dec. 13, 2006) ("[M]uch of the complaint was incoherent and did not provide Defendants with fair notice of the claims asserted against them."). Of course, the court cannot rule out that Plaintiff may succeed in stating a claim, and he must therefore be given the opportunity to amend his Complaint so he may have the chance to do so. Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999) ("[A] pro se plaintiff . . . should be afforded the . . . opportunity . . . to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.").

Accordingly, the Complaint must be dismissed for failure to state a claim and for lack of federal subject matter jurisdiction. In light of Plaintiff's pro se status, the court grants him 30 days to file an amended complaint. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of his claims against each Defendant named so that they have adequate notice of the claims against them. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plaintiff must provide facts sufficient to allow Defendants "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991).

4

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed for failure to state a claim on which relief may be granted, and for lack of subject matter jurisdiction over this action. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3). The court grants Plaintiff leave to file an amended complaint as set forth above. If Plaintiff files an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear docket number 09-CV-3502 (NGG). It must be filed within 30 days from the entry of this Memorandum & Order. If Plaintiff fails to file an amended complaint within the time allowed, judgment shall enter and the Clerk of Court shall close the case. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 14, 2009

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge