FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 28 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANTON PURISIMA,

                          Plaintiff,

      -against-

TIFFANY ENTERTAINMENT, JOHN DOE
and JANE DOE,

                        Defendants.
------------------------------------------------------------------X

ORDER

09-CV-03502 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

     The court assumes familiarity with the background of this case. (See generally July 20, 2011, Mem. & Order (Docket Entry # 57) at 2-5.) On August 28, 2012, the court denied Defendant Tiffany Entertainment Group, Inc.'s motion to dismiss Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction. (Aug. 28, 2012, Order (Docket Entry # 97).) The court ordered Defendant to respond to the Second Amended Complaint "within fourteen days of the date of th[at] Order." (Id. at 2.) On September 20, 2012, Defendant filed what it styled as a motion for judgment on the pleadings. (Def. Mot. (Docket Entry # 98); Def. Mem. (Docket Entry # 98-4).) Because this motion was brought before Defendant answered the Second Amended Complaint, it is properly construed as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Doyle v. Midland Credit Mgmt., Inc., No. 11-CV-5571 (JG) (MDG), 2012 WL 1666397, at *2 (E.D.N.Y. May 11, 2012). This motion, brought nine days after the court's deadline, is untimely. That alone is sufficient to deny it.

     In addition to being untimely, Defendant's motion is astonishing in its frivolity. Defendant provides two paragraphs of argument in support of its motion. (Def. Mem. at 2-3.) Its argument is based entirely on a sworn affidavit from its manager, Eddie Zheng. (Zheng Aff.

1

(Docket Entry # 98-3); see also Def. Mem. at 2-3.) Of course, a motion to dismiss may not be granted based on matters outside of the pleadings, such as affidavits. See LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir. 1991). In any event, Zheng's affidavit does nothing more than create issues of fact regarding Defendant's liability—for example, whether Plaintiff was assigned to sit in the rear of the bus based on a neutral seating policy (see Zheng Aff. ¶¶ 2-3) or based on Plaintiff's national origin (see Second Amended Compl. (Docket Entry # 66) ¶ 24); and whether Plaintiff was denied a refund for his tickets because Defendant does not provide refunds as a matter of policy (see Zheng Aff. ¶ 4) or whether, as Plaintiff alleges, Defendant was providing refunds for unused tickets to Chinese passengers but not to him (see First Amended Compl. (Docket Entry # 7) ¶ 5). For the purposes of a motion to dismiss, a court must take all of the factual allegations in a complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, Zheng's bald statements that "[r]ace and/or ethnicity play no part in seat assignments," and that "Plaintiff's allegation about seeing other passengers obtain refunds is simply not true" (Zheng Aff. ¶¶ 3-4), provide zero support for Defendant's motion.

It should go without saying that a defendant may not prevail on a motion to dismiss merely by denying the truth of a plaintiff's allegations. It should also go without saying that a party sued for discrimination may not obtain dismissal of the action merely by alleging that discrimination played no part in its decisionmaking. Unfortunately, despite its three-plus-year involvement in this litigation, Defendant apparently does not know (or has deliberately ignored) both of these things. Nor has it complied with the court's schedule. Motion DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
September 28, 2012

NICHOLAS G. GARAUFIS
United States District Judge