UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTON PURISIMA,

                    Plaintiff,

-against-

TIFFANY ENTERTAINMENT, JOHN DOE, and
JANE DOE,

                    Defendants.
------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ AUG 20 2013 ★
BROOKLYN OFFICE

**ORDER**

09-CV-03502 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

      Pro se Plaintiff Anton Purisima filed his Second Amended Complaint on August 18, 2011, against Defendants Tiffany Entertainment, John Doe, and Jane Doe, alleging violations of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, et seq., ("Title II"). Specifically, the Second Amended Complaint alleged that Defendants violated Plaintiff's rights by giving preferential treatment to Chinese individuals during a June 13, 2009, bus trip Plaintiff took from New York to Foxwoods Resort Casino in Connecticut.

      On August 28, 2012, the court denied Defendants' motion to dismiss Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction, ordering Defendants to respond to the Second Amended Complaint "within 14 days" of the Order. (Order (Dkt. 97).) On September 20, 2012, nine days past the deadline set by the court's Order of August 28, 2012, Defendants filed a motion to dismiss, which the court denied, noting that it was "untimely . . . [and] astonishing in its frivolity." (Sept. 28, 2012, Order (Dkt. 99).) Following this denial of Defendants' motion to dismiss, Defendants timely filed their Answer to the Second Amended Complaint (the "Answer") on October 11, 2012, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A). (Def. Answer (Dkt. 100).)



1

Plaintiff then filed a motion on October 24, 2012, to strike the Answer as untimely, arguing that because Defendants' motion to dismiss was untimely "any document that defendant herein is filing in this action is and will be untimely." (Pl. Mot. (Dkt. 102).) The court then issued an Order directing Defendants to show cause why Plaintiff's motion to strike should not be granted (Nov. 27, 2012, Order to Show Cause (Dkt. 106)), and Defendants complied (Dec. 11, 2012, Def. Ltr. (Dkt. 107)). The court respectfully referred Plaintiff's motion to strike to Magistrate Judge Lois Bloom for a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Nov. 27, 2012, Order.) On December 21, 2012, Judge Bloom issued an R&R recommending that Plaintiff's motion be denied. (See R&R (Dkt. 109).) Plaintiff submitted an objection to the R&R on December 26, 2011.[1] (Pl. Obj. (Dkt. 111).)

In reviewing a magistrate judge's R&R, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (failure to object waives further judicial review). The court reviews de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, "when a party makes only conclusory or general objections . . . the Court reviews the Report and Recommendation only for clear error." Thompson v. Yelich, No. 09-CV-5039 (KAM), 2012 WL 5904359, at *1 (E.D.N.Y. Nov. 12, 2012) (citation omitted).

Plaintiff's pro se Objection restates the allegations in his Complaint and reargues his claims, but makes no specific objection to Judge Bloom's R&R other than to disagree with it.

---

[1] The court notes that Plaintiff styled his filing as "Notice of MOTION and Motion for Reconsideration of Court's Order on December 13, 2012 'Denying Plaintiff's Motion to Strike.'" (Dkt. 111.) Plaintiff incorrectly identifies the R&R as an "Order" filed on "December 13, 2012"; indeed, the only docket entry in this case on that date is a Minute Entry for a status conference. (See Dec. 13, 2012, Minute Entry (Dkt. 108).) Based on the content of Plaintiff's filing of December 26, 2012, the court construes his motion as an objection to the R&R. (See Pl. Obj. at 1, 5 (requesting "reconsideration" of the "order . . . denying Plaintiff's Motion to Strike").)

(See Pl. Obj.) Indeed, in five hand-written pages of argument, Plaintiff's Objection does not once refer to the content of the R&R. (Id.) Accordingly, because Plaintiff has made no specific objection to Judge Bloom's R&R, the court reviews the R&R for clear error.

The court finds that there is no clear error in Judge Bloom's thorough and well-reasoned R&R. Cf. Cary v. Ernst, 333 F.R. 666, 669 (S.D.N.Y. 2005) ("To be clearly erroneous, a decision must strike us as more than maybe or just probably wrong; it must strike us as wrong with the force of a five-week-old unrefrigerated dead fish."). Therefore, the R&R is ADOPTED IN FULL and Plaintiff's motion to strike is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
August 1?, 2013

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge