UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTON PURISIMA,

                               Plaintiff,

-against-

TIFFANY ENTERTAINMENT, JOHN DOE,
and JANE DOE,

                               Defendants.
-------------------------------------------------------------X

**ORDER**

**09-CV-3502 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On June 18, 2009, pro se Plaintiff Anton Purisima ("Plaintiff" or "Purisima") initiated this action against Defendants Tiffany Entertainment ("Tiffany"), John Doe, and Jane Doe.[1] (Compl. (Dkt. 4-2).) Four years later, on September 8, 2013, the parties cross-moved for summary judgment. (Dkts. 149, 150.) Except where discussed below, the court assumes the parties' familiarity with the procedural history in this case that predates the instant motions. For the reasons set forth below, the Report and Recommendation ("R&R") issued by Magistrate Judge Lois Bloom is ADOPTED in full.

I.     **BACKGROUND**

In short, Plaintiff alleges that Defendant Tiffany, a company that operates bus services between New York City and Foxwoods Resort Casino in Connecticut, discriminated against him on the basis of his race, color, and national origin by giving preferential treatment to other passengers who appeared to be Chinese. On June 13, 2009, Plaintiff boarded a bus in Brooklyn, New York operated by Tiffany that was bound for Foxwoods. (Second Am. Compl. ("SAC")

---

[1] Though initially filed in the Southern District of New York, the action was subsequently transferred to this court on August 3, 2009. (See Transfer Order (Dkt. 4-5).)

1

(Dkt. 66) ¶ 24; R&R (Dkt. 163) at 4.) Despite being "the third [person] and or in front of the line" to board the bus, Plaintiff was seated in the rear of the bus near the restroom. (SAC ¶ 24.) Plaintiff alleges that Tiffany gave other passengers, who appeared to be Chinese, "seats in front and better seats" and refused his requests to be moved to the front. (Id.) He asserts that Tiffany's "assignment of seats was and is based on the color of the skins of the passengers," and that he was not given a seat in the front of the bus because he is not Chinese. (Id.) Plaintiff also claims that Tiffany offered only Chinese-language entertainment on the bus "in order to discriminate and insult plaintiff." (Id.) Purisima traveled back to Brooklyn on June 14, 2009. (Id.) He asserts that despite using only one of the two round-trip tickets he purchased for himself and a friend, Tiffany wrongfully "refused to refund [his] unused bus ticket due to he is not Chinese." (Id.) In his Second Amended Complaint, Plaintiff asserts causes of action under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II"), and the New York City Human Rights Law, N.Y. City Admin. Code § 8-107 et seq. ("NYCHRL"). (SAC ¶ 30; see also R&R at 5 n.4 (discussing pleading history in this matter).)

More than four years after this case was filed, Plaintiff and Tiffany filed cross-motions for summary judgment on September 8, 2013. (Pl. Mot. for Summ. J. (Dkt. 149); Def. Mot. for Summ. J. ("Def. Mot.") (Dkt. 150).) By Order dated April 14, 2014, the court referred the parties' motions to Magistrate Judge Lois Bloom for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Apr. 14, 2014, Order (Dkt. 159).)

On June 20, 2014, Judge Bloom issued an R&R recommending that the court deny Plaintiff's motion for summary judgment and grant Tiffany's cross-motion. (See R&R.) As an initial matter, Judge Bloom determined that the procedural deficiencies of both parties' filings—including their failure to comply with Local Rules 56.1 and 56.2—did not warrant denial of the

either motion. (R&R at 2-3.) Rather, Judge Bloom conducted an "'assiduous review of the record' to determine whether there exist genuine issues of material fact" in this dispute. (Id. at 3 (quoting Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001). With regard to Plaintiff's Title II claim, Judge Bloom noted that Tiffany likely was not "a place of public accommodation" subject to Title II's prohibition on discrimination,[2] and that even if it were Plaintiff had not shown sufficient evidence that would permit a reasonable jury to find in his favor. (Id. at 8-12.) Having found Plaintiff's federal claim inadequate to survive summary judgment, Judge Bloom further recommended that the court decline to exercise jurisdiction over Plaintiff's pendant NYCHRL claim. (Id. at 12-13.) See 28 U.S.C. § 1367(c)(3) (providing a district court "may decline to exercise supplemental jurisdiction over [pendent state law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction.").

After the period for objecting to the R&R was extended at Plaintiff's request (Dkt. 165), Plaintiff timely filed a set of objections to the R&R on July 21, 2014. (Obj. to R&R ("Pl. Obj.") (Dkt. 166).)

## II.  STANDARD OF REVIEW

When a magistrate judge issues an R&R and it has been served on the parties, the parties generally have fourteen days in which to file an objection to the R&R. Fed. R. Civ. P. 72(b)(2). If the district court receives timely objections to the R&R, the court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[2] Title II guarantees all persons "the full and equal enjoyment of the goods, services, privileges, advantages, and accommodations of any place of public accommodation without discrimination or segregation on the ground of race, color, religion or national origin." 42 U.S.C. § 2000a. (See also R&R at 8-9 (setting forth the definition of "a place of public accommodation").)

3

However, to obtain this de novo review, an objecting party "must point out the specific portions of the report and recommendation to which [he] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R].").

If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under [] Fed. R. Civ. P. 72(b)"). Portions of the R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2.

## III. PLAINTIFF'S OBJECTIONS

First, Plaintiff premises two of his objections to Judge Bloom's R&R on the court's consideration of additional allegations he sets forth in a new complaint in Purisima v. Zheng, et al., No. 14-MC-876 (NGG) (E.D.N.Y.), which he filed on July 21, 2014. (See Pl. Obj. at 1-2, 4.) The court will not consider these allegations in connection with the R&R, however. On January 31, 2012, in response to the filing of multiple frivolous and duplicative actions by Plaintiff, this court barred him from filing any new in forma pauperis complaints in this court without first seeking the court's leave. See Purisima v. Xilai, No. 11-CV-5523 (NGG), 2012 WL 293772 (E.D.N.Y. Jan. 31, 2012). On July 30, 2014, pursuant to its earlier filing injunction the court denied Plaintiff leave to file his proposed complaint in Zheng—i.e., the new allegations referenced in Plaintiff's objections—on the grounds that the claims contained therein were

duplicative and otherwise frivolous. Purisima v. Zheng, et al., No. 14-MC-876 (NGG) (E.D.N.Y. July 30, 2014) (Dkt. 5).[3] Even if that were not the case, the objections that reference Plaintiff's proposed complaint in Zheng do not purport to relate to any specific section or recommendation in the R&R, and thus do not trigger de novo review.

Next, Plaintiff objects to Judge Bloom's determination that Tiffany's failure to file a proper Local Rule 56.1 statement did not warrant denial of its motion. (Pl. Obj. at 2-3.) While a court in this district *may* deny a motion for summary judgment if the movant fails to file a Rule 56.1 statement, it is by no means required to do so. See Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001); Mauro v. Costco Wholesale Corp., No. 09-CV-1391, 2013 WL 3816731 (VVP), at *3 (E.D.N.Y. July 22, 2013) ("Even in the absence of a Rule 56.1 statement altogether, courts have proceeded to rule on the basis of the underlying evidence."); Locke v. St. Augustine's Episcopal Church, 690 F. Supp. 2d 77, 83 (E.D.N.Y. 2010) (noting "courts have discretion to overlook a party's failure to comply with local rules, including Rule 56.1" and granting summary judgment for defendant notwithstanding failure to file a Rule 56.1 statement). (See also R&R at 3.) The court concurs in Judge Bloom's decision to overlook the procedural deficiencies concerning both parties' motions, and thus overrules Plaintiff's objection.

Plaintiff's remaining objections are insufficient to trigger de novo review as they are wholly conclusory and do not reference any specific section or recommendation in the R&R. See Pall Corp., 249 F.R.D. at 51 (E.D.N.Y. 2008). The court therefore reviews the remainder of R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502

---

[3] To the extent Plaintiff seeks to incorporate the allegations in the Zheng proposed complaint into the SAC in this case, that effort is rejected as the proposed amendment would be futile and would result in intolerable prejudice to Defendants. See Dluhos v. Floating & Abandoned Vessel, Known as New York, 162 F.3d 63, 69 (2d Cir. 1998) (noting that leave to amend a pleading "should be denied if there is an 'apparent or declared reason—such as undue delay, bad faith or dilatory motive . . ., undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.'" (citation omitted)).

(KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Finding no clear error in Judge Bloom's R&R, the court ADOPTS the R&R in its entirety. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007).

IV. CONCLUSION

Having overruled Plaintiff's objections to the extent they are specific and otherwise finding no clear error, the court ADOPTS the R&R in its entirety. Accordingly, Tiffany's cross-motion for summary judgment is GRANTED, Plaintiff's motion for summary judgment is DENIED, and Plaintiff's NYCHRL claim is DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(3). In addition, though not addressed in the R&R, Plaintiff's claims against the "John Doe" Defendants are DISMISSED without prejudice.[4]

The court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to close this action.

SO ORDERED.

Dated: Brooklyn, New York
July 3/, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[4] Though discovery in this case has been complete since April 2013, Plaintiff has made no efforts to identify the "John Doe" Defendants by name or by providing any evidence showing their alleged roles in the conduct at issue in this case. The court accordingly dismisses these claims without prejudice. See Coward v. Town & Vill. of Harrison, 665 F. Supp. 2d 281, 300-01 (S.D.N.Y. 2009) ("Where a plaintiff 'has had ample time to identify' a John Doe defendant but gives 'no indication that he has made any effort to discover the [defendant's] name,' however, the plaintiff 'simply cannot continue to maintain a suit against' the John Doe defendant."); Keesh v. Artuz, No. 97-CV-8417(AKH), 2008 WL 3166654, at *2 (S.D.N.Y. Aug. 6, 2008) ("Even after discovery, plaintiff has failed to identify the 'John Doe' and 'Jane Doe' defendants. Accordingly, the complaint against them must be dismissed."); Blake v. Race, 487 F. Supp. 2d 187, 192 n.1 (E.D.N.Y. 2007) (dismissing without prejudice claims against "John Doe" defendants "because plaintiff [had] an opportunity to pursue discovery to identify the unknown defendants but failed to do so" (internal quotation marks omitted) (alteration in original)).