UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANTON PURISIMA,

                    Plaintiff,

    -against-

TIFFANY ENTERTAINMENT, JOHN DOE, and JANE DOE,

                    Defendants.

**ORDER**

09-CV-3502 (NGG) (LB)

------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Anton Purisima filed the above-captioned action on June 18, 2009, alleging discrimination by the operators of a commercial bus trip on June 13-14, 2009. (Compl. (Dkt. 4-2).) By Order dated July 31, 2014, the court granted summary judgment for Defendants (Order Adopting R&R (Dkt. 167)), and the Clerk of Court entered judgment and closed the case on August 5, 2014. (Clerk's J. (Dkt. 168).) Two years later, Plaintiff filed a motion to vacate the judgment, (Mot. to Vacate (Dkt. 172)), which the court denied (Mar. 6, 2017, Mem. & Order (Dkt. 174).) Plaintiff then filed two requests for an extension of time to file a motion for reconsideration of the court's Order denying his motion to vacate. (Mot. for Extension (Dkt. 175); 2d Mot. for Extension (Dkt. 176).) The court issued an order denying Plaintiff's requests for extensions and cautioning Plaintiff that "filing additional frivolous motions may, on notice and opportunity to be heard, lead the court to enjoin him from further filings in this matter without first obtaining permission from the court and to impose other sanctions as necessary." (May 3, 2017, Order ("Cautioning Order") (Dkt. 177).)

On May 18, 2017 Plaintiff filed "a motion for reconsideration of the Memorandum and Order dated: March 6, 2017 (Docket #174) as well as a motion to vacate (Docket #172) as timely

1

filed...." (Mot. for Recons. (Dkt. 178)).) As stated in the Cautioning Order, the court has "the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and [imposing] an unnecessary burden [on] courts and their supporting personnel." (Cautioning Order at 2 (quoting Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000)).) Plaintiff's current motion for reconsideration in response to the Cautioning Order is such an unnecessary burden.

As noted in the court's denial of the motion to vacate (Mar. 6, 2017, Mem. & Order), "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted); see also Kruger v. Virgin Atl. Airways, Ltd., No. 11-CV-2954 (NGG) (RER), 2013 WL 6795251, at *8 (E.D.N.Y. Dec. 23, 2013) (same as to motions under Rule 59(e) and Local Rule 6.3). Plaintiff's current motion meets none of these criteria, and instead requests judicial notice that items previously submitted to the court are fraudulent without providing any new evidence to support this claim. (See Mot. for Recons.) This is precisely the type of frivolous motion the court warned Plaintiff against filing in its Cautioning Order.

It is not, however, Plaintiff's first time to be admonished for frivolous filings by this court. (See July 20, 2011, Mem. & Order (Dkt. 57) (dismissing claims related to current suit alleging discrimination against Plaintiff as part of a global conspiracy headed by Chinese President Hu-Jintao and Premier Wen-Jiabao, among others).) Repeated frivolous and baseless filings have frequently been recognized as the basis for enjoining a plaintiff from filing further

motions. See, e.g., Muhammad v. Matsumoto, No. 15-CV-6626 (ENV) (JO), 2016 WL 3339491 (E.D.N.Y. June 13, 2016) (ordering plaintiff to show cause why he should not be enjoined from future filing after a series of frivolous filings over a period of 13 months); Richmond v. P.B. #7, LLC, No. 16-CV-1121 (BMC), 2016 WL 3440597 (E.D.N.Y. June 20, 2016) (basing order to show cause on a pattern of frivolous filings including appeals involving the "exact same legal issues previously litigated in the original . . . proceeding, while failing to provide any new theories or evidence that could merit a form of revaluation."). This case is no different.

"The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard." Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam). Therefore, Plaintiff's motion for reconsideration (Dkt. 178) is DENIED and Plaintiff is ORDERED TO SHOW CAUSE, in writing by affirmation, by no later than November 20, 2017, why he should not be enjoined from making any future filings or applications in this case without first obtaining leave of court to do so. If Plaintiff fails to respond within this period, or if his response fails to provide good cause as to why an injunction against future filings should be entered, he shall be barred from making any future filings or applications in this matter without leave of court.

The Clerk of Court is respectfully DIRECTED to mail a copy of this Order to pro se Plaintiff Anton Purisima.

SO ORDERED.

Dated: Brooklyn, New York
November 2, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3